## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | |
| | | Case No. 1:17-12002 |
| **KELLI R. HARDY** | * | Chapter 13 |
| | | Judge Buchanan |
| | * | |
| Debtors. | | |

---

| | | |
|---|---|---|
| **KELLI R. HARDY** | * | |
| | | |
| Plaintiff, | * | Adversary Proceeding |
| | | Case No. _____ |
| -vs- | * | |
| | | |
| **UC HEALTH, LLC** | * | **CLASS ACTION COMPLAINT** |
| **d/b/a UC HEALTH** | | |
| c/o GH&R Business Services, Inc. (agent) | * | |
| 312 Walnut Street, Ste. 1800 | | |
| Cincinnati, Ohio 45202 | * | |
| | | |
| Defendant. | * | |

---

Now comes Plaintiff, Kelli R. Hardy, individually and on behalf of all others similarly situated, and for her Complaint against Defendant states and alleges as follows.  All allegations made in this Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge.  Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## INTRODUCTORY STATEMENT

1.     Plaintiff brings this action on behalf of herself and all others similarly situated against Defendant as a result of Defendant's filing of Plaintiff's unredacted private and confidential health and personal information, and the unredacted private and confidential health and personal information of thousands of others, on the publicly accessible PACER system. Specifically, Defendant routinely files Proofs of Claims ("POCs") for unpaid medical bills in bankruptcy matters pending in the U.S. Bankruptcy Court for the Southern District of Ohio.  Upon information and belief, Defendant's regular practice is to attach unredacted copies of detailed statements listing the specific medical treatment and tests performed by Defendant.   The statements also list the individual's name, address, account number and the facility at which treatment was received.  In many cases, the unredacted records filed by Defendant reveal highly personal and potentially embarrassing information about individual medical conditions, treatment and tests.

2.     Defendant's filing of such confidential medical information on a publicly accessible system is unnecessary, contrary to applicable rules and law, serves no legitimate purpose and violates Plaintiff's and others' well established rights to privacy with respect to Personal Health Information ("PHI") and Personally Identifiable Information ("PII").

3.     Plaintiff has incurred actual damages as a result of Defendant's wrongful conduct insofar as she has suffered serious emotional anxiety and distress about the publication of PHI and/or PII on the internet and incurred attorney fees and other costs to seek to terminate public access to Defendant's filings on the PACER system.  Plaintiff seeks all remedies available under applicable law for Defendant's wrongful conduct, including without limitation declaratory and injunctive relief requiring Defendant to cease its unlawful practices and take corrective measures

to protect Plaintiff and all others similarly situated against the disclosure of their PHI filed on the

PACER system by Defendant, all damages available under applicable law and attorney fees and

costs associated with this action.

## PARTIES

4.      Plaintiff is a citizen of Ohio residing in Cincinnati, Ohio.

5.      Defendant UC Health, LLC ("UC Health") is an Ohio non-profit limited liability

company that does business under the trade name UC Health.  UC Health's corporate offices are

located at 3200 Burnet Avenue, Cincinnati, Ohio.  UC Health is an integrated system spanning the

Tristate region with main campuses located in Clifton and West Chester and multiple locations in

communities throughout the area.  UC Health includes the University of Cincinnati Medical

Center, West Chester Hospital, Daniel Drake Center for Post-Acute Care, Lindner Center of

HOPE, Bridgeway Pointe and University of Cincinnati Physicians, which employs more than 800

physicians.

## JURISDICTION

6.      Plaintiff's claims are non-core proceedings over which the Court may properly preside

under 28 U.S.C. § 157(c), and over which, the Court may properly exercise supplemental jurisdiction

under 28 U.S.C. 1367.  The outcome of Plaintiff's claim may have an effect on the bankruptcy estate

such that the exercise of jurisdiction in this case is appropriate under Judge Beth A. Buchanan's ruling

in *In re Marshall*, 491 B.R. 217, 231 n. 11 (S.D. Ohio Bankr. 2012).

## VENUE

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claim occurred here.

## FACTS GIVING RISE TO THIS ACTION

8.       Plaintiff received medical treatment at a UC Health facility on numerous occasions from 2014 through 2017.   On May 31, 2017, Plaintiff commenced Chapter 13 Bankruptcy Proceedings in this Court in Case No. 1:17-bk-12002.   UC Health component West Chester Hospital was identified as a creditor in Schedule F attached to Plaintiff's petition.

9.       On June 19, 2017, UC Health filed a proof of claim in Plaintiff's Bankruptcy proceeding for services provided at West Chester Hospital.   UC Health attached to its proof of claim and filed with the Court unredacted copies of 24 bills for medical services provided to Plaintiff by UC Health.   Each bill states Plaintiff's name, home address and an account number as well as her health insurance company and a "guarantor ID" number.   In addition, UC Health's bills state the date of each medical service provided, provide a procedure code for each service, describe the service provided in a short narrative and state the charges associated with each medical service. As a result, all tests run, drugs administered and procedures performed are identified on the bills filed by UC Health.

10.      UC Health operates hospitals and outpatient clinics providing a wide variety of medical services that include treatments and therapies of a highly personal nature.   For example, among the services offered by UC Health are emergency room treatment, surgical services, mental health services, gynecological services, fertility services, bladder and pelvic floor treatment, and sexually transmitted disease testing and treatment.

11.      UC Health's billing statements include details about the tests and treatments provided to its patients as well as patient name, address and individual account numbers, and thus include PHI and PII.   Indeed, UC Health's published "Statement of Privacy Practices" indicates that its bills contain personal health information.[1]

---

[1] https://uchealth.com/wp-content/uploads/2014/10/NPP_OCR_Full-page_revised_UC-Health.pdf, last accessed December 7, 2018.

12.     UC Health publishes its Notice of Privacy Practices on its website, where it represents and assures patients that "[w]e are required by law to maintain the privacy and security of your protected health information" "[w]e will not use or share your information other than as described here unless you tell us we can in writing."[2]

13.     UC Health's published Notice of Privacy Practices lists the circumstances in which PHI may be disclosed without an individual's prior written consent, including "to bill for your services."  With respect to obtaining payment, UC Health advises patients that: "We can use and share your health information to bill and get payment from health plans or other entities.  *Example: We give information about you to your health insurance plan so it will pay for your services.*"

14.     Nowhere does UC Health's published Notice of Privacy Practices advise or warn patients that UC Health may file their medical bills containing PHI and PII and make them publicly available on PACER or any other publicly accessible database.  As a result, UC Health patients are induced and given to believe that the confidentiality of their PHI and PII will be maintained by UC Health.

15.     Upon information and belief, UC Health routinely files POCs in bankruptcy proceedings and attaches unredacted copies of medical bills containing PHI and PII as support.  UC Health has been filing such materials for at least two years prior to the date of this action if not longer.  Upon information and belief, UC Health has filed hundreds and perhaps thousands of POCs containing PHI and PII with the Clerk of the Bankruptcy Court.

16.     The Public Access to Court Electronic Records system ("PACER") provides electronic public access to documents filed with the federal courts, including POCs filed with Bankruptcy Courts.  There is no charge for anyone to register to use PACER, and anyone can

---

[2] *Id.*

electronically register to access PACER.[3]  Viewing or printing documents filed by PACER users is available to the public at a nominal charge, and any user that provides a valid credit or debit card at the time of registration receives immediate access to records filed on PACER.[4]

17.     The POCs filed by UC Health and the PHI attached thereto remain publicly accessible through PACER as of the date of this complaint.

18.     UC Health's published Notice of Privacy Practices promise that "[w]e will let you know promptly if a breach occurs that may have compromised the privacy or security of your information."[5]  Upon information and belief, UC Health has not notified any patients that it released their PHI by making it publicly accessible online through PACER.

19.     The privacy interests of Plaintiff and others in the PHI and PII made publicly available by UC Health by filing POCs with medical bills attached are well established under state and federal law.  In 1999, The Ohio Supreme Court recognized this interest in a case in which a hospital's law firm was provided with copies of patient registration forms so that it could solicit patients to help them obtain social security disability benefits to pay the hospital's bills.  *See Biddle v. Warren General Hospital*, 86 Ohio St.3d 395, 400 (1999); *see also* O.R.C. §§ 5119.28 and 5122.31 (protecting confidentiality of mental health records); O.R.C. § 3721.13 (protecting confidentiality of medical records of residents of nursing homes); O.R.C. § 3701.243 (confidentiality of HIV testing information).  Likewise, federal law contains numerous provisions expressly recognizing the high degree of privacy protection to be afforded PHI and/or PII.  *See*

---

[3] *See* "PACER policies and procedures," available at https://www.pacer.gov/documents/pacer_policy.pdf, last accessed December 7, 2018.
[4] *Id.*
[5] https://uchealth.com/wp-content/uploads/2014/10/NPP_OCR_Full-page_revised_UC-Health.pdf, last accessed December 7, 2018.

*e.g.* 29 U.S.C. §§ 1181 *et seq.* (Health Insurance Portability and Accountability Act of 1996) and

15 U.S.C. § 1681a (Fair Credit Reporting Act).

20.     Plaintiff never consented to the publication or disclosure of her PHI or PII by UC

Health.

21.     In response to the unauthorized disclosure of her PHI and PII by UC Health,

Plaintiff filed a motion to restrict public access pursuant to Bankruptcy Rule 9037.

22.     Upon information and belief, the proof of claim filed by UC Health in Plaintiff's

Bankruptcy is consistent with UC Health's longstanding practice of attaching unredacted medical

bills to proofs of claims filed in many individual bankruptcies.

23.     Upon information and belief, UC Health was repeatedly advised by counsel for

other debtors that its practice of filing unredacted medical bills as attachments to proofs of claims

was violating the rights of debtors.  Despite such warnings, UC Health has continued its practice

of filing such materials on PACER thereby making the personal health information of debtors

publicly available.

24.     As a direct and proximate result of UC Health's unauthorized disclosure of

Plaintiff's PHI and PII, Plaintiff has suffered actual damages by incurring attorney fees to attempt

to restrict public access to the documents disclosed by UC Health as well as emotional distress and

anxiety.

## <u>CLASS ACTION ALLEGATIONS</u>

23.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure, incorporated herein by 11 U.S.C. § 7023, on behalf of herself and as a representative

of a Class of similarly-situated individuals who have been subjected to Defendant's unauthorized

public disclosure of their PHI and PII by filing unredacted medical records as attachments to POCs

in Bankruptcy and thereby making them publicly available on PACER.

24.     Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks

to represent a Class defined as:

>   All individuals within the maximum jurisdictional reach of this Court whose PHI and/or
>
>   PII has been filed as an attachment to a POC by Defendant (hereinafter referred to as the
>
>   "Class" and the members of the Class shall be referred to as "Class Members").[6]

25.     Excluded from the Class is Defendant, its employees, any entities in which

Defendant has a controlling interest, their legal representatives, heirs, successors, and assigns.

26.     The definition of the proposed Class is clear and succinct.  Class Members are

easily identifiable from the Bankruptcy Court docket and Defendant's own records and Plaintiff is

a member of the proposed Class.

27.     The Class should be certified as a Class Action under Rule 23 of the Federal Rules

of Civil Procedure for the following reasons:

>   A)     The Prerequisites for a class action are satisfied:
>
>   1)     Plaintiff is a member of the Class she seeks to represent;
>
>   2)     The Class is easily and readily identifiable;
>
>   3)     Upon information and belief there are more than 500 members of
>
>   the Class.  The members of the Class are so numerous that joinder of all
>
>   Class Members is not practicable, and the resolution of their claims through
>
>   the class action procedure will be of benefit to the parties and the
>
>   Court.  Therefore, Plaintiff satisfies the "numerosity" requirement of

---

[6] This class definition is subject to change based on investigation and discovery.  Plaintiff reserves the right to seek to certify a class with a different definition during the course of these proceedings.

Federal Rule of Civil Procedure 23(a)(1) as incorporated herein by 11 U.S.C. § 7023.

4)      There are questions of law and fact common to Plaintiff and the Class Members, which predominate over any question which could affect individual members of the Class. Thus, Plaintiff satisfies the "commonality" requirement and the "predominance" requirement of Federal Rule of Civil Procedure 23(a)(2).   Under these facts and circumstances, common and predominating questions of law and fact include, but are not limited to the following:

   i)      Whether the medical bills filed with POCs by Defendant contain Personal Health Information and/or Personally Identifiable Information;

   ii)     Whether the filing of unredacted medical bills with POCs by Defendant such that they are publicly available on PACER constitutes a violation of Plaintiff's and the Class's rights under applicable law;

   iii)    Whether injunctive relief requiring Defendant to cease its practice of filing unredacted medical bills and seek to prevent public access to all of the POCs that it has filed with unredacted medical bills is appropriate; and

   iv)     Whether Plaintiff or the Class is entitled to damages or other relief;

5)      The claims of Plaintiff, as representative of the Class, are typical of and identical to the claims of other Class Members.  Plaintiff and Class Members were subject to the same conduct by Defendant, and Plaintiff is not aware of any claims or defenses, which are or could be adverse or antagonistic to the claims and interests of the other Class Members.  Thus, Plaintiff satisfies the "typicality" requirement of Federal Rule of Civil Procedure 23(a)(3).

6)      Plaintiff, as Class representative, will fairly and adequately represent and protect the claims and interests of the other Class Members. Plaintiff is committed to aggressively protecting the claims and interests of all Class Members, to seeking out and obtaining all possible relief for the mutual and shared benefit of all Class Members, and to utilizing the Class Action device to promote and enhance the rights and claims of debtors in light of the conduct of Defendant.  Plaintiff's interests are aligned with, and not antagonistic to, those of the Class.  Plaintiff has retained counsel who are experienced and competent in the prosecution of complex and class action litigation who will fairly and adequately protect the claims and interests of the Class.  Therefore, Plaintiff and her counsel satisfy the "adequate representation" requirement of Federal Rule of Civil Procedure 23(a)(4).

B)      The other considerations for certifying a class action weigh in favor of doing so in this case:

10

1)      Concentrating all the potential litigation over Defendant's conduct will obviate the risk of unduly duplicative litigation that might result in inconsistent judgments that would establish incompatible standards of conduct for Defendant, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the rights of members of the Class;

2)      Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

3)      This court should find that the questions of law or fact common to class members predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this litigation for the following reasons:

    i)      individual plaintiffs who have undergone bankruptcy proceedings are likely to lack the financial resources to vigorously prosecute a lawsuit in state or federal court against a corporate defendant, and damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation;

    ii)     The extent of any litigation already begun concerning this matter is not significant and not similar in nature to this case;

    iii)    This forum is desirable because Defendant's conduct emanates from filings in Bankruptcy Court and members of

the Class would all be individuals who have declared

bankruptcy; and

iv)    The class action would not be difficult to manage because

similar relief would be sought for all class members.

## FIRST CAUSE OF ACTION – Ohio Common Law Claim For

## Unauthorized Disclosure of Nonpublic Medical Information

28.    The previous paragraphs are incorporated as if fully rewritten herein.

29.    Ohio law recognizes a common law tort for the unauthorized disclosure of

nonpublic medical information. *See Biddle v. Warren General Hospital*, 86 Ohio St.3d 395 (1999).

Said claim is not preempted or foreclosed by the adoption of federal HIPAA legislation. *See*

*Sheldon v. Kettering Health Network*, 2015-Ohio-3268, ¶ 25, 40 N.E.3d 661, 672 (2nd Dist. App.

2015).

30.    UC Health intentionally and willfully disclosed confidential nonpublic medical

information of Plaintiff and members of the proposed Class without consent or privilege to do so

when it attached unredacted detailed medical bills describing highly personal medical conditions,

treatment and/or testing of Plaintiff and members of the proposed Class to POCs that it filed with

the Bankruptcy Court.

31.    Defendant's disclosure of Plaintiff's and the proposed Class's medical information

was done intentionally and willfully in order to support Defendant's claim for payment in

Bankruptcy proceedings.

32.    Defendant's disclosure of Plaintiff's and the proposed Class's medical information

was unnecessary and without privilege or warning to Plaintiff or the proposed Class.

33.    Plaintiff and the proposed Class have been harmed as a direct and proximate result of Defendant's unlawful conduct because their highly sensitive medical information is publicly available online through the PACER system.

### SECOND CAUSE OF ACTION – Invasion of Privacy

34.    The previous paragraphs are incorporated as if fully rewritten herein.

35.    Plaintiff's and the proposed Class's PHI and PII is private information of a highly sensitive nature, the dissemination and publication of which would be offensive to a reasonable person.

36.    The public has no legitimate interest in being apprised of Plaintiff's and proposed Class's PHI and PII.

37.    Defendant's disclosure of Plaintiff's and the proposed Class's PHI and PII directly and proximately resulted in unreasonable publicity to the private lives of Plaintiff and members of the proposed Class.

38.    Plaintiff and members of the proposed Class have a legal interest in the privacy of their PHI and PII.

39.    Defendant's intentional failure to safeguard and disclosure of Plaintiff's and the proposed Class's PHI and PII was the direct and proximate cause of making such information publicly available on the internet through the PACER system.

40.    As a direct and proximate result of Defendant's conduct alleged above, Plaintiff and members of the proposed Class have been damaged and will continue to be damaged until such time as public access to all such documents is permanently restricted.

### THIRD CAUSE OF ACTION – Breach of Contract

41.    The previous paragraphs are incorporated as if fully rewritten herein.

42.     Defendant contracted and agreed to provide Plaintiff and members of the proposed Class with medical services including the maintenance of privacy and the keeping of PHI and PII.

43.     Defendant's conduct described above constitutes a breach of said contract to the damage and detriment of Plaintiff and members of the proposed Class.

44.     As a direct and proximate result of Defendant's conduct alleged above, Plaintiff and members of the proposed Class have been damaged and will continue to be damaged until such time as public access to all such documents is restricted.

## FOURTH CAUSE OF ACTION – Negligence

45.     The previous paragraphs are incorporated as if fully rewritten herein.

46.     Defendant had a duty to protect the privacy of PHI and PII under its custody and control.

47.     Defendant owed a duty of trust and confidence to Plaintiff and members of the proposed Class not to disclose their PHI and PII to unauthorized persons.

48.     Defendant breached its duty owed to Plaintiff and members of the proposed class.

49.     As a direct and proximate result of Defendant's conduct alleged above, Plaintiff and members of the proposed Class have been damaged and will continue to be damaged until such time as public access to all such documents is restricted.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1)     For an Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as applicable herein under 11 U.S.C. § 7023;

2)     For an Order redressing Defendant's conduct including but not limited to, declaratory and injunctive relief, restitution, actual damages, punitive damages and attorney fees;

3)    For an award of costs of litigation and reasonable attorney's fees against Defendant and

for Plaintiff; and

4)    Such other relief as the Court deems just and equitable under the premises.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

/s/ Christian A. Jenkins
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
PAUL J. MINNILLO (Ohio Bar No. 0065744)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
cjenkins@minnillojenkins.com
pjminnillo@minnillojenkins.com

*Attorneys for Plaintiff*